**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3993
_____

DOREEN LUDWIG,
                                    Appellant

v.

CARPENTERS HEALTH & WELFARE FUND OF PHILADELPHIA AND VICINITY;
MARY HACKETT; JACQUELINE MARK

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2:08-cv-00809)
District Judge:  Honorable Mary A. McLaughlin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 3, 2010

Before: FUENTES, GREENAWAY and VAN ANTWERPEN , Circuit Judges

(Opinion filed: June 04, 2010)

_____

OPINION
_____

PER CURIAM

       Doreen Ludwig appeals the order of the United States District Court for the

Eastern District of Pennsylvania granting summary judgment for defendants. Ludwig alleged that the defendants improperly denied her health coverage and an assigned share of her former husband's benefits and acted in bad faith during and after her divorce proceedings. For the reasons that follow, we will affirm.

I.

Ludwig is the former spouse of a vested participant in three benefit plans: the Carpenters Health & Welfare Fund of Philadelphia & Vicinity (the "Welfare Fund"); the Carpenters Pension and Annuity Fund of Philadelphia & Vicinity (the "Pension Fund"); and the Carpenters Savings Fund of Philadelphia & Vicinity (the "Savings Fund"). Ludwig and her former husband were divorced in the Berks County Court of Common Pleas on November 6, 2006. Through the divorce decree, Ludwig was awarded $57,505.22 from her former husband's pension and savings funds. At a post-divorce hearing in March 2007, the opposing attorney represented that Ludwig would continue to receive COBRA health benefits through her former husband's union. In June 2007, upon receiving written notice of the final divorce, the Welfare Fund informed Ludwig that she was not eligible for COBRA coverage because she failed to provide them with timely notice of her divorce. Ludwig did not appeal this decision. The Pension Fund and Savings Fund notified Ludwig that her payments awarded to her from the divorce decree would be disbursed to her once her former husband became eligible under the provisions of their Plans.

2

After sending letters to the Funds, demanding immediate payment and COBRA coverage, Ludwig filed this complaint in the District Court. In her complaint, she claimed that the defendants violated the Employee Retirement Income Security Act of 1984 ("ERISA"), 29 U.S.C. § 1001 et seq, 42 U.S.C. § § 1983, 1985, and 1986, and negligently inflicted emotional, psychological, physical, and financial harm to her when they denied her COBRA coverage and immediate payment.[1] The defendants moved for summary judgment, and the District Court granted summary judgment on all claims. Ludwig timely filed this appeal.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to grant summary judgment. See Doroshow v. Hartford Life & Accident Ins. Co., 574 F.3d 230, 233 (3d Cir. 2009). In reviewing a District Court ruling on a motion for summary judgment, we apply the same test the District Court is to apply under Fed. Rule Civ. P. 56(c). Brown v. J. Jaz, Inc., 581 F.3d 175, 179 (3d Cir. 2009). Summary judgment is appropriate only if, after the evidence taken as a whole is construed in the light most favorable to the non-moving party, there remains no genuine issue of material fact. Prowel v. Wise Business Forms,

---

[1] In her complaint, Ludwig named as defendants the Welfare Fund and its employee, Mary Hackett, as well as Jacqueline Mark, her former husband's attorney. In July 2008, the District Court properly dismissed Mark as a defendant in the suit. The Pension Fund and Savings Fund answered the complaint with the Welfare Fund and Hackett and moved for summary judgment.

3

Inc., 579 F.3d 285, 286 (3d Cir. 2009).

A 42 U.S.C. § 1983 claim may be maintained only against a defendant who acts under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Private actors, such as the defendants named here, can be said to act under color of state law only if their conduct is fairly attributable to the state. See Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). Ludwig makes no allegation in her complaint that would even arguably support a claim that the private defendants acted under color of state law. As a result, the § 1983 claim was properly dismissed.

To state a claim under 42 U.S.C. § 1985, a plaintiff must allege a conspiracy to prevent a federal officer from performing her duty, obstruction of justice, or class-based discrimination. We agree with the District Court that Ludwig did not plead any facts to support such a § 1985 claim. This conclusion also means Ludwig's claim under 42 U.S.C. § 1986 must fail. See Rogin v. Bensalem Twp., 616 F.2d 680, 696 (3d Cir. 1980).

We also find that the District Court properly dismissed Ludwig's claims under ERISA. Ludwig alleged that the defendants violated ERISA by failing to provide her with COBRA coverage. Under COBRA, an employee's spouse who loses her coverage following a divorce is a plan beneficiary under 29 U.S.C. § 1166, even though there is no employer-employee relationship between the employer and the spouse. 29 U.S.C. § 1167(3)(A)(i) (defining "qualified beneficiary" as, *inter alia*, "the spouse of the covered employee[.]"). Section 1166 is clear that qualified beneficiaries have sixty-days from the

4

date of the qualifying event, such as a divorce, to notify the employer or plan administrator of the divorce. 29 U.S.C. § 1166(a)(3). Without timely notice of the divorce, a plan administrator is not required to provide the otherwise-qualified beneficiary with notice of her rights to continue coverage. See Lincoln Gen. Hosp. v. Blue Cross/Blue Shield of Nebraska, 963 F.2d 1136, 1140 (8th Cir. 1992); see also Phillips v. Saratoga Harness Racing, Inc., 240 F.3d 174, 178 (2d Cir. 2001) (the *notice* of a qualifying event is the dispositive factor in determining whether an employer's COBRA obligations have attached). Ludwig had sixty days from the date of her final divorce - until January 5, 2007 - to notify the Welfare Fund of her divorce and elect health care coverage. 29 U.S.C. § 1166(a)(3). The Defendants first became aware of the divorce in April 2007 and first received written notice in June 2007. Ludwig's failure to elect COBRA continuation coverage within sixty days following the November 6, 2006 final divorce effectively terminated her COBRA rights.[2]

Ludwig also alleged that defendants violated ERISA by failing to make an immediate payment of the $57,505.22 that she was awarded in her divorce decree. ERISA requires that "[e]ach pension plan shall provide for the payment of benefits in

---

[2]We also agree with the District Court that Ludwig did not present sufficient evidence of a material misrepresentation or bad faith by defendants to establish an equitable estoppel claim. See Pell v. Dupont, 539 F.3d 292, 300 (3d Cir. 2008) (a plaintiff seeking equitable relief must establish (1) a material misrepresentation or fraudulent concealment; (2) reasonable and detrimental reliance upon the misrepresentation or concealment, and (3) extraordinary circumstances).

accordance with the applicable requirements of any qualified domestic relations order." 29 U.S.C. § 1056(d)(3)(A). Furthermore, "[e]ach plan shall establish reasonable procedures to determine the qualified status of domestic violations orders and to administer distributions under such qualified orders." 29 U.S.C. § 1056(d)(3)(G)(ii). ERISA explicitly provides that a qualifying order ("QDRO") cannot require a plan to provide a type or form of benefit, or any option, not otherwise provided under the plan, nor require the plan to provide increased benefits. 29 U.S.C. § § 1056(d)(3)(D)(i), (ii). See also Samaroo v. Samaroo, 193 F.3d 185, 189-90 (3d Cir. 1999) ("a domestic decree that would have the effect of increasing the liability of the Plan over what has been provided in the Plan (read in light of federal law) is not a QDRO, no matter what the decree's status under state law").

The QDRO in this case assigned Ludwig $45,730.22 from her former husband's Pension Fund Account and $11,500.00 from his Savings Fund Account. While the QDRO failed to specify the date of distribution, both Plans provide that no distributions will be made before her former husband separates from service or turns 50. These events have not yet occurred; consequently, the Plan administrators informed Ludwig that she will not receive her payments until one of those events occurs. We find no error in the administrators' interpretations of the QDRO and no abuse of discretion in their interpretations of the Plan provisions. Accordingly, we affirm the District Court's grant of summary judgment to the defendants on Ludwig's ERISA claim for denial of benefits.

6

Finally, the District Court correctly determined that Ludwig's state law claims are preempted by ERISA. ERISA is designed to provide a uniform regulatory regime over employee benefit plans. Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004). "To this end, ERISA includes expansive pre-emption provisions, see 29 U.S.C. § 1144, which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." Id. State law claims such as those raised by Ludwig in her complaint - negligent infliction of emotional, psychological, physical and financial harm - would ordinarily fall within the scope of ERISA preemption, if the claims relate to an ERISA-governed benefits plan. See Pane v. RCA Corp., 868 F.2d 631, 635 (3d Cir. 1989). Therefore, because Ludwig's state law claims relate to a qualified ERISA-governed plan, the District Court correctly determined that they are preempted by the provisions of ERISA.

## III.

For the foregoing reasons, we will affirm the order of the District Court granting summary judgment on all claims in favor of the defendants.

7